# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARANEH Z. ABSARI, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SACV 17-00665-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On April 11, 2017, Taraneh Z. Absari ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on August 2, 2017. On November 16, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

.

## BACKGROUND

Plaintiff is a 58 year-old male who applied for Social Security Disability Insurance benefits on June 18, 2013, alleging disability beginning May 11, 2011. (AR 40.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 11, 2011, the alleged onset date. (AR 42.)

Plaintiff's claim was denied initially on October 25, 2013, and on reconsideration on March 21, 2014. (AR 40.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Helen E. Hesse on September 2, 2015, in Orange, California. (AR 40.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 40.) Medical expert ("ME") Ronald E. Kendrick, M.D., and vocational expert ("VE") David A. Rinehart, M.S., also appeared and testified at the hearing. (AR 40.)

The ALJ issued an unfavorable decision on November 16, 2015. (AR 40-49.) The Appeals Council denied review on March 17, 2017. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence.
2. Whether the ALJ's credibility determination is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 11, 2011, the alleged onset date. (AR 42.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the cervical and lumbar spine; chondromalacia of the bilaterial knees, status-post arthroscopies for right partial lateral meniscectomy and left medial meniscectomy; and mild depression. (AR 42.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 43-44.)

The ALJ then found that Plaintiff had the RFC to perform a range of light work as defined in 20 CFR § 404.1567(b), with the following limitations:

> Claimant can lift up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk six hours, and sit for six hours, in an eight-hour workday with normal breaks but requires the ability to change positions briefly (estimated to take one to three minutes each hour); can occasionally climb, bend, balance, stoop, kneel, crouch or crawl; can perform frequent gross and fine manipulation bilaterally; and is precluded from concentrated exposure to unprotected heights, dangerous fast moving machinery, temperature extremes of heat or cold, or vibrating tools. Claimant is additionally precluded from jobs requiring hyper-vigilance, should not be in charge of safety operations of others, and should have no intense interpersonal interaction such as taking complaints or encounters similar to those encountered by law enforcement or emergency personnel.

(AR 44-48.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible". (AR 44-45.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a registered dental assistant. (AR 48-49.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 49.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence.

///

///

///

# I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the medical evidence supports a more restrictive RFC than the RFC assessed by the ALJ, an RFC that would result in a finding of disability. The Court disagrees.

## A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

Plaintiff alleges disabling limitations due to symptoms that include difficulties with maneuvering and exertion. (AR 44.) The ALJ assessed a light work RFC with standing and walking limitations to six hours in an eight hour work day and an ability to change positions every hour for one to three minutes. (AR 44.) The ALJ's RFC also limited Plaintiff to frequent fine and gross manipulation bilaterally. (AR 44.) The ALJ found that Plaintiff has the impairment of mild depression (AR 42) and imposed limitations precluding Plaintiff from jobs requiring hyper-vigilance, should not be in charge of others, and should have no intense interpersonal interaction. (AR 44.) Plaintiff contends the above restrictions are not sufficient. The Court disagrees.

1. Standing and Walking Restrictions

Plaintiff contends that her impairments preclude prolonged standing and walking required for light work. Plaintiff underwent arthroscopic right knee surgery for a partial lateral meniscectomy on May 19, 2011. (AR 45.) Dr. Forman, an orthopedic surgeon, reported on August 27, 2012, that Claimant's knee had recovered from the surgery with fair to good result.

(AR 46.) Plaintiff also underwent arthroscopic left knee surgery for a meniscus tear on January 8, 2013. (AR 46.) By late January 2013, Claimant reported improvement and was able to start driving. (AR 46.) The consulting orthopedic surgeon Dr. Harlan Bleeker reported on October 1, 2013, that Claimant demonstrated adequate gait and maneuvering ability (without any assistance device) and generally good strength and range of motion in all extremities. (AR 46.) Dr. Bleeker opined Plaintiff could stand and walk 6 hours in an 8 hour day. (AR 46, 1018.)

Plaintiff also has degenerative disc disease in her cervical and lumbar spine. (AR 45, 46.) An MRI on May 24, 2011, of Claimant's cervical spine revealed disc bulges and foraminal narrowing but no evidence of nerve impact or canal stenosis. (AR 45.) Nerve conduction testing in October 2012 showed no evidence of lumbar radiculopathy or peripheral neuropathy. (AR 46.) A November 2012 MRI of the lumbar spine showed a disc bulge but no nerve impact. (AR 46.) The ALJ found that Claimant's spinal impairment and joint impairments do not result in an inability to ambulate effectively. (AR 43.)

The ALJ gave significant weight to the opinion of Dr. Zarins, the agreed medical examiner in Plaintiff's workers' compensation case. Dr. Zarins concluded that Claimant remained capable of a range of work between light and medium exertion. (AR 46-47.) Dr. Zarins restricted Plaintiff to no repeated squatting and kneeling due to her knee impairment. (AR 46-47.) In a May 2012 orthopedic examination, Dr. Westley Nottage opined Plaintiff was capable of performing modified work duties with no repetititve squatting, kneeling, or stair climbing and no prolonged standing or walking. (AR 45.) As Plaintiff concedes, this was a temporary work restriction, not a permanent prohibition on prolonged walking and standing. (AR 567.)

The testifying medical expert, Dr. Ronald Hendrick, opined Plaintiff could frequently stand and/or walk for four hours. (AR 47, 62.) The ALJ gave substantial weight to the opinions of Dr. Bleeker, Dr. Zarins, and Dr. Nottage. (AR 47.) She gave limited weight to Dr. Kendrick's RFC because the other assessments are "more clearly supported by specific functional observation and articulated bases." (AR 48.) The contradictory opinions of other physicians

provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ also based her RFC on her assessment of Plaintiff's credibility, as discussed below. The ALJ repeatedly noted conservative care in the form of physical therapy, anti-inflammatory medication, acupuncture, and home pool exercise. (AR 45, 46.) Claimant declined epidural injections after her 2011 left knee arthroscopy. (AR 45.) At times Plaintiff was not taking medication. (AR 45.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ also rested her RFC in part on Plaintiff's "reported and demonstrated functional abilities." (AR 47.) An ALJ may reject a physician's opinion that is contradicted by a claimant's admitted or observed abilities. Bayliss, 427 F.3d at 1216. Additionally, the ALJ mitigated the light work requirement of 6 hours walking and standing by the restriction of being permitted to change positions briefly of one to three minutes each hour.

The ALJ, therefore, rejected Dr. Hendrick's RFC for four hours of standing and/or walking for specific, legitimate reasons supported by substantial evidence. Plaintiff disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

2. Manipulative Restrictions

The ALJ's RFC provides that Plaintiff can perform "frequent" gross and fine manipulation bilaterally. (AR 44.) Plaintiff argues that the ALJ should have limited her to "occasional" gross and fine manipulation with her hands. The Court disagrees.

Substantial evidence supports the ALJ's manipulative restrictions. Dr. Bleeker's RFC indicates Plaintiff can "frequently use her hands for manipulative fine and gross activities." (AR

1018.) Dr. Kendrick agreed. (AR 47, 62.) So did the State reviewing physicians. (AR 100, 110.)

Plaintiff relies on the opinion of Dr. Zarins that Plaintiff was precluded from "repeated forceful grasping, twisting and torquing with the bilateral hands and wrists." (AR 46.) These restrictions, however, are not inconsistent with the ALJ's RFC limitation to frequent fine and gross manipulation. See SSR 85-15 (defining handling as "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands"). Frequent handling is not the same as forceful handling or grasping. Equihua v. Astrue, 2011 WL 321993, at *6 (C.D. Cal. Jan. 28, 2011); Czajka v. Astrue, 2010 WL 3293350, at *3 (C.D. Cal. Aug. 18, 2010) (same); Suarez v. Astrue, 2012 WL 4848732, at *4 (C.D. Cal. Oct. 11, 2012) ("neither handling nor fingering require <u>forceful</u> gripping or grasping") (emphasis in original). Thus, Dr. Zarins' preclusion of forceful grasping does not conflict with the ALJ's RFC limitation to frequent fine and gross manipulation.

Dr. Zarins' preclusion of repetitive twisting or torquing also did not conflict with frequent fine and gross manipulation, as frequent means occurring only one-third to two-thirds of a workday. Even if the twisting and torquing were less than frequent, the other physicians above opined Plaintiff could perform frequent fine and gross manipulation. The contradictory opinions of other physicians provide a specific legitimate reason for rejecting a physician's opinion. Tonapetyan, 242 F.3d at 1149.

The ALJ's RFC manipulative restrictions are supported by substantial evidence and, to the extent they conflict with Dr. Zarins' opinions, the ALJ provided specific, legitimate reasons for rejecting those opinions.

### 3. Mental Work Restrictions

The ALJ determined that Plaintiff has the impairment of mild depression. (AR 42.) The ALJ found that the medical evidence does not reflect significant work-related mental functional deficiencies, with little indication of abnormality or deficiency. (AR 48.) Plaintiff was treated conservatively with medication with effective symptomatic mitigation and improvements in the frequency and intensity of her symptoms. (AR 42, 48.) The ALJ's mental RFC precludes "jobs

requiring hyper-vigilance, should not be in charge of safety operations or others, and should have no intense interpersonal interactions such as taking complaints or encounters similar to those encountered by law enforcement or emergency personnel". (AR 44.) No medical source opined that Claimant would experience greater restrictions as a result of mental health symptoms. (AR 43.)

     Plaintiff challenges the ALJ's RFC as an impermissible lay medical opinion. The ALJ's RFC, however, is not a medical determination but an administrative finding or legal opinion based on all the relevant evidence in the record. See 20 C.F.R. § 404.1527(e). The ALJ is legally charged with the responsibility of evaluating all the medical and non-medical evidence within the record in assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c): SSR 96-5p (it is the ALJ's responsibility to formulate a client's RFC, relying on all the relevant medical and non-medical evidence of record). The ALJ may draw inferences logically flowing from the evidence of record. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996). Plaintiff has not demonstrated that the ALJ here went outside the record or considered anything other than the medical and non-medical evidence. The ALJ properly reviewed, discussed and relied on the medical evidence of record. In October 2013, pain psychologist Dr. Timothy Sams opined that Claimant's anxiety and depression were secondary to a moderate chronic pain syndrome related to her physical impairments. (AR 48.) He prescribed medication therapy. (AR 48.) Psychiatrist Dr. Chau Ton-That in October 2014 observed that Plaintiff's mild depression yielded little indication of abnormality or deficiency, as Plaintiff's symptoms consistently improved with medical treatment. (AR 48.) An ALJ is permitted, indeed required, to assess the foregoing medical evidence, drawing conclusions reasonably based on the record as a whole. Chao v. Astrue, 2012 WL 868839, at *10-11 (E.D. Cal. March 13, 2012). The ALJ here did so.

     Plaintiff contends that the mental evidence of record supports a mental limitation to no more than simple work. Such a limitation would preclude skilled work and direct a finding of disability pursuant to Rule 202.06 of the Medical-Vocational Guidelines (the "Grids"). Plaintiff bases her contention on the ALJ's step 3 finding that Plaintiff had moderate difficulties with concentration, persistence of pace (AR 43), which is consistent with simple, repetitive, unskilled

work. No medical source, however, opined that Plaintiff was limited to simple, repetititve, or unskilled work. The ALJ's step 3 finding of moderate difficulties with concentration, persistence, and pace, moreover, is not an RFC assessment; functional limitations are assessed at steps 4 and 5 of the sequential process. (AR 43-44; SSR 96-8p.) Thus, the ALJ did not err by omitting from her RFC her step three finding of moderate difficulties with concentration, persistence, and pace.[1] Additionally, the RFC assessment for steps 4 and 5 of the sequential process includes the extensive findings of improvement with conservative medication therapy. (AR 48.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff, other than conceding there was improvement, fails to address its importance to the ALJ's RFC assessment of Plaintiff's mental limitation.

There was no error in the ALJ's mental RFC which is supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."

---

[1] Nor does Dr. Ton-That's finding of a global assessment of functioning ("GAF") score of 55 indicating moderate symptoms compel a different result. The Ninth Circuit has made clear that GAF scores do not control determinations of mental disability, although they may be a useful measurement. Garrison v. Colvin, 759 F.3d 995, 1002 n.4 (9th Cir. 2014).

Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.  Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 44.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her alleged symptoms were not "fully corroborated." (AR 44-45.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 11039-40. The ALJ did so.

First, the ALJ specifically found that Plaintiff's subjective symptom allegations were not corroborated by the medical evidence of record. (AR 45.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ's physical RFC is supported by substantial evidence, objective clinical observations on physical examination and the nature and frequency of the Claimant's treatment history. (AR 47.) The medical evidence regarding Plaintiff's mental impairments does not support significant work-related functional deficiencies. (AR 48.) The ALJ found that Claimant's range of activities are not significantly encumbered by her mental health symptamology and mental status examinations reflected little deficiency. (AR 43.) No medical source opinion opined Claimant would experience greater mental restrictions as a result of her mental health symptoms. (AR 43.)

Second, the ALJ repeatedly noted conservative treatment for Claimant's physical and mental impairments. An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. The ALJ noted conservative care in the form of physical therapy, anti-inflammatory medication, and home pool exercise. (AR 45, 46.) The ALJ also noted consistent improvements in Plaintiff's mental symptoms with a conservative medication regimen. (AR 48.) Impairments that can be effectively controlled by medication are not disabling. Warre, 439 F.3d at 1006.

The ALJ rejected Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence. Plaintiff disagrees with the ALJ's interpretation of the record, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 17, 2018            */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE